Whitaker, Judge,
delivered the opinion of the court:
This is a suit by 56 civilian firefighter-employees of the Department of the Army employed at the Red River Arsenal, Texarkana, Texas. They claim overtime and night pay differential for periods of time set aside for eating and sleeping, because they have been required to remain on duty at the fire station during this period.
This claim is identical to that presented in Collins v. United States, this day decided, ante, p. 573, with the exception that herein plaintiffs have also moved for summary judgment. They base this motion on an affidavit submitted by defendant in support of its motion, wherein the Fire Chief at the Arsenal describes the hours and conditions of employment, and states that from “two to three” hours per man per night were spent on Alarm Desk Duty. Plaintiffs contend that this is an admission that they have performed work during their sleeping time, and that this admission is sufficient to bring them within the rule announced by this court in Farley v. United States, 131 C. Cls. 776, and England v. United States, 133 C. Cls. 768.
The Fire Chief’s affidavit shows, however, that the hours from 7:00 p. m. until 6:30 a. m. were set aside in each 24-hour tour of duty for sleeping. Thus, 11% hours of a 24-hour tour were set aside for sleeping. Sometime during this period plaintiffs would be called upon to do from 2 to *579 3 hours Alarm Desk Duty, so that they would still have remaining 8% to 9y2 hours of the shift for sleeping. It is readily apparent that plaintiffs have been allowed to sleep during hours which have been credited to them for pay.
On the contrary, plaintiffs’ affidavits aver that “he regularly performed substantial labor during the hours allowed him for sleeping and eating, for which he was neither compensated in money nor in compensatory time off.”
There is thus a genuine issue as to a material fact, and we must deny both motions.
We think it proper to say, however, that we think the claim, in some of the petitions in companion cases, of a right of recovery because their sleep was broken by the noise of trains and airplanes, is untenable. No proof will be taken in support of such a claim.
Plaintiffs’ and defendant’s motions for summary judgment are denied.
It is so ordered.
Maddest, Judge; Littleton, Judge-, and Jones, Chief Judge, concur.
Laramore, Judge, took no part in the consideration and decision of this case.